IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

JAMES STEWART,

                Petitioner,

vs.

MICHAEL FLETCHER, ATTORNEY
GENERAL OF THE STATE OF
MONTANA,

                Defendants.

CV 18–50–BU–DLC–JCL

ORDER

United States Magistrate Judge Jeremiah C. Lynch issued his Findings and Recommendation in this case on January 8, 2019, recommending that the Court dismiss Petitioner James Stewart's application for writ of habeas corpus (Doc. 1), brought pursuant to 28 U.S.C. § 2254. (Doc. 12.) Stewart has filed three supplemental pleadings, but, even under the liberal standard afforded to pro se litigants, only one of those pleadings can conceivably be read as an objection the Findings and Recommendation. (Docs. 15, 17, & 20.)[1] Stewart is entitled to de

---

[1] Stewart did not allege error in Judge Lynch's factual analysis or legal reasoning in two of the supplemental pleadings. Rather, he: (1) gave an update on the status of his confinement (Doc. 15); and (2) alleged that attorneys involved in his state court case are subject to disciplinary proceedings (Doc. 20). However, one of the pleadings, if construed liberally, alleges that procedural default is excused due to ineffective assistance of appellate counsel. (Doc. 17.) The Court accordingly addresses the merits of this claim below.

-1-

novo review of those findings and recommendations to which he has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Judge Lynch determined that Stewart's application for writ of habeas corpus should be dismissed for failure to prosecute. Stewart filed his petition on August 8, 2018. (Doc. 1.) On November 30, 2018, Judge Lynch issued an order to show cause why Stewart's petition should not be dismissed with prejudice as procedurally defaulted due to Stewart's failure to present his claims before the state court. (Doc. 11.) Stewart did not respond to the show cause order, and Judge Lynch accordingly determined that dismissal is warranted. (Doc. 12.) Because Stewart has actively prosecuted his case following issuance of the Findings and Recommendation, the Court addresses whether Stewart's claim is procedurally defaulted rather than whether dismissal for failure to prosecute was warranted. *See* 28 U.S.C. § 636(b)(1).

The Court adopts the recommendation to deny Stewart's petition, but it does

so on an alternative basis, that the petition is procedurally defaulted. In his petition, Stewart brings two claims, both of which arise from an alleged unconstitutional delay during the sentencing phase of his state trial court proceedings. (Docs. 1 at 4–5, 11 at 4.) First, Stewart alleged ineffective assistance of trial counsel due to trial counsel's failure to object to a 10 ½ month delay in preparing Stewart's pre-sentence investigation report. (Doc. 1 at 4.) Second, Stewart alleged, more generally, that his due process rights were violated by the delay between his guilty plea and his sentencing. (Doc. 1 at 5.)

In his order to show cause, Judge Lynch found that Stewart failed to adequately bring his claims before the Montana Supreme Court during his post-conviction proceedings. (Doc. 11 at 5–7.) Accordingly, Judge Lynch determined that Stewart's claims are procedurally defaulted unless Stewart can show cause and prejudice for the default. (*Id.* (citing *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stewart objects on the grounds of ineffective assistance of appellate counsel. (Doc. 17); *see supra* n.1. However, he claims only that his counsel on direct appeal failed to raise the issue of sentencing delay. (Doc. 17.) Stewart's argument regarding performance of appellate counsel has no bearing on his failure to raise claims during the state postconviction proceedings. Thus, he has alleged no "objective factor external to the defense" that prevented him from

raising claims before the state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

The Court also determines that Stewart is not entitled to a certificate of appealability. There is no reasonable debate regarding whether Stewart must exhaust state court remedies. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Reviewing the remaining portions of Judge Lynch's Findings and Recommendations for clear error and finding none,

IT IS ORDERED:

(1) Judge Lynch's Findings and Recommendation (Doc. 12) is ADOPTED in part and MODIFIED in part, as explained within this Order;

(2) Stewart's Petition (Doc. 1) is DENIED;

(3) A certificate of appealability is DENIED; and

(4) The Clerk of Court shall enter judgment of dismissal by separate document.

DATED this 11th day of April, 2019.

Dana L. Christensen, Chief Judge
United States District Court